O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY THOMPSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:15-cv-07908 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In May of 2012, Plaintiff Timothy Thompson applied for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Disability Advocates Group, Michelle J. Shvarts, Esq., of

1

counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9,11, 19). On June 1, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

Plaintiff applied for disability insurance benefits on May 4, 2012, and SSI benefits on May 21, 2012, alleging disability beginning October 21, 2010. (T at 12).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 21, 2014, a hearing was held before ALJ Edward C. Graham. (T at 27). Plaintiff appeared with his attorney and testified. (T at 30-43). The ALJ also received testimony from Gail Maron, a vocational expert (T at 48-51), and Edna Scott, Plaintiff's mother. (T at 43-48).

On April 18, 2014, the ALJ issued a written decision denying the applications for benefits. (T at 9-23). The ALJ's decision became the Commissioner's final

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15.

decision on August 11, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On October 8, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on February 23, 2016. (Docket No. 14). The parties filed a Joint Stipulation on June 7, 2016. (Docket No. 20).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

### III. DISCUSSION

**A.      Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

1 supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.
2 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

3 "The [Commissioner's] determination that a plaintiff is not disabled will be
4 upheld if the findings of fact are supported by substantial evidence." *Delgado v.*
5 *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial
6 evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119
7 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d
8 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a
9 reasonable mind might accept as adequate to support a conclusion." *Richardson v.*
10 *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and
11 conclusions as the [Commissioner] may reasonably draw from the evidence" will
12 also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,
13 the Court considers the record as a whole, not just the evidence supporting the
14 decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.
15 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

16 It is the role of the Commissioner, not this Court, to resolve conflicts in
17 evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational
18 interpretation, the Court may not substitute its judgment for that of the
19 Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th
20 Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C. Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 21, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through September 30, 2012. (T at 14). The ALJ found that Plaintiff's degenerative disc disease of the lumbar and cervical spine were "severe" impairments under the Act. (Tr. 14).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with the following limitations: he can stand/walk for 6 of 8 hours; sit for 6 of 8 hours; occasionally climb, balance, stoop, bend, crouch, and crawl; understand and remember tasks; sustain concentration and persistence; socially interact with the

general public, co-workers, and supervisors; and adapt to workplace changes frequently enough to perform unskilled, low stress jobs that require simple instructions. (T at 15).

The ALJ found that Plaintiff has no past relevant work. (T at 17). Considering Plaintiff's age (44 on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 17).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from October 21, 2012 (the alleged onset date) through April 18, 2014 (the date of the ALJ's decision). (T at 18-19). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D. Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 20), Plaintiff offers two (2) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ did not properly weigh the medical opinion evidence. Second, Plaintiff challenges the ALJ's credibility determination. This Court will address both arguments in turn.

# IV. ANALYSIS

## A. Medical Opinion Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

"The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, the record contains treatment notes from Dr. James Gocke, Plaintiff's treating physician. In June, September, October of 2012, Dr. Gocke opined that Plaintiff should not lift more than 10 pounds, could not stoop or climb ladders/step stools, and should only perform "activity as tolerated." (T at 435, 437, 441). In the September treatment note, Dr. Gocke indicated that Plaintiff was "unemployable [for the] past two years, [but] not likely employable for 1 year from today['s] date." (T at 436). However, in December of 2012, the treatment notes reported that Plaintiff was disabled, but that the disability was temporary (lasting only three more months) and indicated that Plaintiff should not apply for SSI benefits. (T at 433).

The ALJ discounted Dr. Gocke's opinion that Plaintiff was "unemployable." For the following reasons, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

First, as noted above, two months after rendering the opinion that Plaintiff was "not likely employable for 1 year," Dr. Gocke concluded that Plaintiff's disability was temporary (lasting only three more months) and that opined Plaintiff should not apply for SSI benefits. (T at 433). The ALJ reasonably relied on this inconsistency when considering Dr. Gocke's assessment. *See Bayliss v. Barnhart*, 427 F.3d 1211,

1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Moreover, Dr. Gocke's indication that Plaintiff's disability was temporary (lasting only three more months) was significant because a claimant cannot receive benefits unless his or her impairment or combination of impairments is expected to be significantly limiting for 12 consecutive months. *See* 20 CFR §§ 404.1509, 404.1520 (a)(4)(ii), 416.909.

Second, the ALJ reasonably found that Plaintiff's treatment history was conservative, which is also a proper basis for discounting the treating physician's assessment. *See Johnson v. Shalala*, 60 F.3d 1428,1434 (9th Cir. 1995)(finding that fact that claimant received only conservative treatment for back injury is a clear and convincing reason for disregarding testimony that the claimant is disabled).

Plaintiff objects to this finding – noting that he was treated with Percocet – a strong narcotic requiring a prescription. However, this argument misses an important nuance – conservative in this context means conservative *relative to* what might be expected if the pain was as severe as alleged. Here, the ALJ reasonably concluded that the absence of objective evidence of more aggressive treatments (e.g. surgery, use of a TENS, physical therapy, chiropractic care, epidural steroid injections) being employed or even recommended was inconsistent with a finding

that Plaintiff's pain was disabling. This conclusion was supported by the evidence and is within the ALJ's discretion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Third, the ALJ reasonably relied on the fact that Dr. Gocke's opinion was contradicted by other medical opinion evidence. Dr. Rajeswari Kumar performed a consultative orthopedic examination in November of 2012. Dr. Kumar diagnosed degenerative disc disease of the lumbar spine and grade 1 anterolisthesis of L5 over S1. (T at 401). He opined that Plaintiff could lift/carry 20-30 pounds occasionally and 10 pounds frequently; standing and walking was limited to 6 hours in an 8-hour workday with routine breaks; occasionally bending and stopping; sitting for 6 hours in an 8-hour workday; no restrictions for upper extremity activities; and no functional limitations for kneeling and climbing activities. (T at 402).

In addition, two State Agency review physicians (Dr. Wilson and Dr. Greene) reviewed the record and rendered opinions consistent with Dr. Kumar's findings, and the ALJ's conclusion, that Plaintiff could perform light work. (T at 57-61, 69-73, 84-90, 98-104).

State Agency review physicians are highly qualified experts and their opinions, if supported by other record evidence, may constitute substantial evidence sufficient to support a decision to discount a treating physician's opinion. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527

(f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff argues that the ALJ should have weighed the conflicting medical opinion evidence differently and resolved the conflict in favor of Dr. Gocke's opinion. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

### B. Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He was 48 years old as of the date of the administrative hearing. (T at 30). He attended school through the 11th grade and obtained a GED. (T at 31). He last worked in 2007 in a maintenance position. (T at 31). His movement is very restricted and he experiences numbness in his right leg.

(T at 33). Sitting or standing for an extended period is difficult and his pain medication makes him drowsy. (T at 33). Standing is limited to 15-20 minutes before he would need to sit down due to pain. (T at 33). He uses a cane, upon the recommendation of a physician, but without a prescription. (T at 34). Sitting for prolonged periods is also painful. (T at 35). After 30 minutes, his leg would go numb and he would experience significant pain and need to lie down. (T at 36). Pain medication provides some relief, but causes drowsiness and would prevent Plaintiff from performing a job. (T at 37). A doctor has recommended a cortisone shot and epidural treatment. (T at 38).

He is not looking for work and lives with his mother. (T at 41). He feels his physical condition is getting worse. (T at 41). He spends much of the day at home, mostly laying down. His daughter and mother help him with his activities of daily living. (T at 42).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 15).

This Court finds that the ALJ's credibility determination was supported by substantial evidence and consistent with applicable law. First, the ALJ noted that Plaintiff's testimony was contradicted by the objective medical evidence. For

example, Plaintiff's subjective allegations were contradicted by the assessments of Dr. Kumar (the consultative examiner), Dr. Wilson, and Dr. Greene (the State Agency review physicians). Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, as discussed above, the ALJ noted that Plaintiff had a conservative course of treatment. "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Third, the ALJ concluded that Plaintiff was less than truthful regarding his use of a cane. Although Plaintiff told Dr. Kumar that he had used a cane to walk for a decade and told the ALJ that an unidentified physician had recommended it, he did not have his cane at the consultative examination, there was no record of a prescription or recommendation regarding use of a cane, and there were repeated references in the record describing Plaintiff as having normal gait. (T at 16-17, 355, 356, 383, 398, 443). This was a valid reason for discounting the overall credibility

of Plaintiff's claims. *See Chaudry v. Astrue*, 688 F3d. 661, 671 (9th Cir. 2012)(finding that ALJ could discount claimant's credibility based upon, inter alia, non-prescribed use of wheelchair and cane); *see also Fair v. Bowen*, 885 F.2d 597, 604 n. 5 (9th Cir. 1989)(noting that ALJ may rely on "ordinary techniques of credibility evaluation" and discount a claimant's credibility if he or she "has made prior statements inconsistent" with subjective complaints or "is found to have been less than candid in other aspects of his [or her] testimony").

Plaintiff offers competing interpretations of the evidence and alternative explanations for apparent inconsistencies in his testimony. However, for the reasons outlined above, this Court finds that the ALJ's credibility determination must be sustained. *See Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner]."); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)("If the ALJ's credibility finding is supported by substantial evidence, the court may not engage in second-guessing.").

### V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly

examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 5th day of July, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE